**Michael P. O'Donnell**
3450 Hulen
Fort Worth, Texas 76107

Bar Number: 15211500
Phone: (817) 732-7590

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | | |
|---|---|---|---|
| In re: **Shanel Roberts** | xxx-xx-3225 | § | Case No: **19-40369-mxm** |
| 1429 Shady Lane Apt. 1101 | | § | |
| Bedford, TX 76021 | | § | Date: **1/31/2019** |
| | | § | Chapter 13 |
| | | § | |

Debtor(s)

### DEBTOR'S(S') CHAPTER 13 PLAN
### (CONTAINING A MOTION FOR VALUATION)

#### DISCLOSURES

☑ This *Plan* does not contain any *Nonstandard Provisions.*

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☐ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☑ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2017-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order"). All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

Page 1

| | | | |
|---|---|---|---|
| Plan Payment: | **$204.00** | Value of Non-exempt property per § 1325(a)(4): | **$0.00** |
| Plan Term: | **60 months** | Monthly Disposable Income per § 1325(b)(2): | **$0.00** |
| Plan Base: | **$12,240.00** | Monthly Disposable Income x ACP ("UCP"): | **$0.00** |
| Applicable Commitment Period: | **36 months** | | |

Case No:  19-40369-mxm
Debtor(s):  **Shanel Roberts**

---

### MOTION FOR VALUATION

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim.  Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

### SECTION I
### DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS
### FORM REVISED 7/1/17

**A.  PLAN PAYMENTS:**

*Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

___**$204.00**___ per month, months ___**1**___ to ___**60**___ .

For a total of ___**$12,240.00**___ (estimated "*Base Amount*").

First payment is due ___**3/2/2019**___ .

The applicable commitment period ("ACP") is ___**36**___ months.

Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is: ___**$0.00**___ .

The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than: ___**$0.00**___ .

*Debtor(s's')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than: ___**$0.00**___ .

**B.  STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

1.  **CLERK'S FILING FEE:**  Total filing fees paid through the *Plan*, if any, are ___**$0.00**___ and shall be paid in full prior to disbursements to any other creditor.

2.  **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:**  *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2017-01 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

3.  **DOMESTIC SUPPORT OBLIGATIONS:**  The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant.  Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
|  |  |  |  |  |

**C.  ATTORNEY FEES:**  To ___**Michael P. O'Donnell, Attorney At Law**___ , total: ___**$3,700.00**___ ; ___**$500.00**___ Pre-petition; ___**$3,200.00**___ disbursed by the *Trustee*.

**D.(1)  PRE-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

Case No: 19-40369-mxm
Debtor(s): **Shanel Roberts**

---

**D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:**

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| | | | |

**D.(3) POST-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

**E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|
| **Capital One Auto Finance** | **$7,148.44** | **$6,500.00** | **6.00%** | **Month(s) 3-29** | **$81.00** |
| **2007 Dodge Charger** | | | **6.00%** | **Month(s) 30-30** | **$99.27** |
| | | | **6.00%** | **Month(s) 31-60** | **$183.60** |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| | | | | | |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object. In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

**E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|
| | | | | |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|
| | | | | |

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

**F. SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

Case No: 19-40369-mxm
Debtor(s): **Shanel Roberts**

---

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

## G. SECURED CREDITORS - PAID DIRECT BY DEBTOR:

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
|  |  |  |

## H. PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
|  |  |  |  |

## I. SPECIAL CLASS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
|  |  |  |  |

JUSTIFICATION: _____

_____

## J. UNSECURED CREDITORS:

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| Capital One Auto Finance | $648.44 | Unsecured portion of the secured debt (Bifurcated) |
| Crd Prt Asso | $666.00 |  |
| Credit Systems Intl In | $237.00 |  |
| Credit Systems Intl In | $231.00 |  |
| Credit Systems Intl In | $119.00 |  |
| Credit Systems Intl In | $98.00 |  |
| Credit Systems Intl In | $63.00 |  |
| Enterprise Recovery Sy | $640.00 |  |
| Fst Nat Coll | $402.00 |  |
| JNR Adjustment Company | $657.00 |  |
| Ncc Business Svcs Inc | $3,950.00 |  |
| Nco Fin/55 | $103.00 |  |
| Sams Appliance | $392.00 |  |
| Second Round Lp | $970.00 |  |
| Unique National Collec | $51.00 |  |
| United Revenue Corp | $635.00 |  |
| United Revenue Corp | $303.00 |  |
| Universal Recovery Corp | $182.00 |  |
| Us Dept Of Ed/glelsi | $20,407.00 |  |
| Us Dept Of Ed/glelsi | $8,364.00 |  |

Case No: 19-40369-mxm
Debtor(s): **Shanel Roberts**

| | |
|---|---|
| **Wood Hollow Apartments** | **$2,990.35** |
| TOTAL SCHEDULED UNSECURED: | **$42,108.79** |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is _____ **0%** ____.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

### K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| | | | | |

**SECTION II**
**DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS**
**FORM REVISED 7/1/17**

### A. SUBMISSION OF DISPOSABLE INCOME:

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount.*

### B. ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B). The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

### C. ATTORNEY FEES:

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the *Debtor's(s')* Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

### D.(1) PRE-PETITION MORTGAGE ARREARAGE:

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1). To the extent interest is provided, it will be calculated from the date of the Petition. The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*. Such creditors shall retain their liens.

### D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*. Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment.*

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

### D.(3) POST-PETITION MORTGAGE ARREARAGE:

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

Case No: 19-40369-mxm
Debtor(s): **Shanel Roberts**

_____

**E.(1)**   **SECURED CLAIMS TO BE PAID BY TRUSTEE:**

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan*. Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee*.

**E.(2)**   **SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:**

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee*.

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

**F.**   **SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:**

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation. Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

**G.**   **DIRECT PAYMENTS BY DEBTOR(S):**

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

**H.**   **PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

**I.**   **CLASSIFIED UNSECURED CLAIMS:**

Classified unsecured claims shall be treated as allowed by the Court.

**J.**   **GENERAL UNSECURED CLAIMS TIMELY FILED:**

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

**K.**   **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

Case No: 19-40369-mxm
Debtor(s): **Shanel Roberts**

---

**L.  CLAIMS TO BE PAID:**

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim.  If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims.  Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

**M.  ADDITIONAL PLAN PROVISIONS:**

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

**N.  POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:**

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer.  If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance.  If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges.*

**O.  CLAIMS NOT FILED:**

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD.*

**P.  CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:**

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

**Q.  CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

**R.  BUSINESS CASE OPERATING REPORTS:**

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee,* unless the *Trustee* requests otherwise.  The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

**S.  NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:**

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business.  Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

**T.  DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:**

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Case No:   19-40369-mxm
Debtor(s):   **Shanel Roberts**

---

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge. Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law. In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules. Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan*. Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

## U.  ORDER OF PAYMENT:

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized. Each numbered paragraph below is a level of payment. All disbursements which are in a specified monthly amount are referred to as "per mo." At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis. Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

Case No:    19-40369-mxm
Debtor(s):  **Shanel Roberts**

---

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims.  These claims must be designated to be paid pro-rata.

## V.  POST-PETITION CLAIMS:

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed.  To the extent necessary, *Debtor(s)* will modify this *Plan.*

## W.  TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:

See the provisions of the General Order regarding this procedure.

Case No:   19-40369-mxm
Debtor(s):   **Shanel Roberts**

---

**SECTION III**
**NONSTANDARD PROVISIONS**

The following nonstandard provisions, if any, constitute terms of this *Plan*.  Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

**/s/ Michael P. O'Donnell**
_____          _____
Michael P. O'Donnell, Debtor's(s') Attorney          Debtor (if unrepresented by an attorney)

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

**/s/ Michael P. O'Donnell**
_____          **15211500**
Michael P. O'Donnell, Debtor's(s') Counsel          State Bar Number

Case No: 19-40369-mxm
Debtor(s): **Shanel Roberts**

---

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the ___**6th day of March, 2019**___ :

(List each party served, specifying the name and address of each party)

Dated: ___**March 6, 2019**___          **/s/ Michael P. O'Donnell** _____
                                        Michael P. O'Donnell, Debtor's(s') Counsel

Capital One Auto Finance
62062167867651001
3905 N Dallas Pkwy
Plano, TX 75093

Credit Systems Intl In
105340088
1277 Country Club Ln
Fort Worth, TX 76112

Nco Fin/55
62296110
Pob 15270
Wilmington, DE 19850

Crd Prt Asso
1741888595
Attn: Bankruptcy
PO Box 802068
Dallas, TX 75380

Enterprise Recovery Sy
2717131
2000 York Rd Ste 114
Oak Brook, IL 60523

Sams Appliance
292610
5050 E Belknap St.
Fort Worth, TX 76117

Credit Systems Intl In
105918512
1277 Country Club Ln
Fort Worth, TX 76112

Fst Nat Coll
56494784
610 Waltham Way
Sparks, NV 89434

Second Round Lp
57032033
4150 Friedrich Lane Suit
Austin, TX 78744

Credit Systems Intl In
104175164
1277 Country Club Ln
Fort Worth, TX 76112

Internal Revenue Service
Special Procedures-Insolvency
PO BOX 7346
Philadelphia, PA 19101-7346

Shanel Roberts
1429 Shady Lane Apt. 1101
Bedford, TX 76021

Credit Systems Intl In
106089310
1277 Country Club Ln
Fort Worth, TX 76112

JNR Adjustment Company
174906
PO Box 27070
Minneapolis, MN 55427

Tim Truman
6851 N.E. Loop 820 Suite 300
North Richland Hills, TX 76180

Credit Systems Intl In
105339849
1277 Country Club Ln
Fort Worth, TX 76112

Ncc Business Svcs Inc
1905384
9428 Baymeadows Rd Ste 2
Jacksonville, FL 32256

Unique National Collec
9167874
119 E Maple St
Jeffersonville, IN 47130

Case No:    19-40369-mxm
Debtor(s):    **Shanel Roberts**

United Revenue Corp
6215592
Attention:  Office Manager
204 Billings St. Suite 120
Arlington, TX 76010

United Revenue Corp
4284452
Attention:  Office Manager
204 Billings St. Suite 120
Arlington, TX 76010

Universal Recovery Corp
672034
2880 Sunrise Blvd
Ste 136
Rancho Cordova, CA 95742

Us Dept Of Ed/glelsi
3177000944799581
Po Box 7860
Madison, WI 53707

Us Dept Of Ed/glelsi
2177000944798581
Po Box 7860
Madison, WI 53707

Wood Hollow Apartments
3875 Post Oak Drive
Euless, Texas 76040

**Michael P. O'Donnell**
3450 Hulen
Fort Worth, Texas 76107

Bar Number: **15211500**
Phone: **(817) 732-7590**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**
Revised 10/1/2016

| | | | |
|---|---|---|---|
| IN RE: **Shanel Roberts** | xxx-xx-3225 | § | CASE NO: **19-40369-mxm** |
| 1429 Shady Lane Apt. 1101 | | § | |
| Bedford, TX 76021 | | § | |
| | | § | |
| | | § | |

Debtor(s)

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS   DATED: 1/31/2019

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| Periodic Payment Amount | | **$204.00** |
|---|---|---|
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $19.90 | $20.40 |
| Filing Fee | $0.00 | $0.00 |
| Noticing Fee | $24.15 | $0.00 |
| **Subtotal Expenses/Fees** | **$49.05** | **$20.40** |
| Available for payment of Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | **$154.95** | **$183.60** |

**CREDITORS SECURED BY VEHICLES (CAR CREDITORS):**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| Capital One Auto Finance | 2007 Dodge Charger | $7,148.44 | $6,500.00 | 1.24446% | $80.89 |

Total Adequate Protection Payments for Creditors Secured by Vehicles: **$80.89**

**CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):**

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|

Payments for Current Post-Petition Mortgage Payments (Conduit): **$0.00**

**CREDITORS SECURED BY COLLATERAL OTHER THAN A VEHICLE:**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|

Case No:     19-40369-mxm
Debtor(s):   Shanel Roberts

---

| Total Adequate Protection Payments for Creditors Secured by Collateral other than a vehicle: | **$0.00** |
|---|---|

---

### TOTAL PRE-CONFIRMATION PAYMENTS

---

**First Month Disbursement (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$80.89** |
| Debtor's Attorney, per mo: | **$74.06** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Disbursements starting month 2 (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$80.89** |
| Debtor's Attorney, per mo: | **$102.71** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

---

**Order of Payment:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 Trustee prior to entry of an order confirming the Chapter 13 Plan will be paid in the order set out above.  All disbursements which are in a specified monthly amount are referred to as "per mo".  At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on the per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment.  Other than the Current Post-Petition Mortgage Payments, the principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection payments, less any interest (if applicable), paid to the creditor by the Trustee.

---

DATED:   **3/6/2019**

**/s/ Michael P. O'Donnell**
Attorney for Debtor(s)

---